James H. Williams, now to the use of The P. R. Mitch-
ell Co., Appellant, *v.* A. R. Tozer and Ralph Tozer,
Trustee.

*Trusts and trustees—Confession of judgments—Execution.*

Where a trustee under a will confesses judgment as trustee in a trans-
action in which the trust estate is not interested, and from which it de-
rives no benefit, the property and assets of the trust estate cannot be sold
on execution on the judgment.

Argued March 14, 1898. Appeal, No. 34, Jan. T., 1897, by
plaintiff, from order of C. P. Bradford Co., Sept. T., 1896,
No. 415, making absolute a rule enjoining sheriff from levying
upon a trust estate. Before STERRETT, C. J., WILLIAMS, Mc-
COLLUM, MITCHELL and FELL, JJ. Affirmed.

Rule to enjoin sheriff from levying upon property belonging
to the estate of Sarah Tozer, deceased.

From the record it appeared that Sarah Tozer provided by
will, inter alia, as follows:

"Item. I give, devise and bequeath unto my beloved husband
Ralph Tozer, in trust for my beloved son A. R. Tozer, all the
rest and remainder of my property both real and personal and
mixed, and wheresoever situate or found, for the following
uses and purposes: My said trustee to collect all my outstand-

ing bills and accounts, and to use the proceeds thereof or so much as may be necessary to carry on the coal business in which I am now engaged in the borough of Athens, and the surplus if any, together with all my notes, mortgages, judgments, bonds and stocks, which I now hold or possess, to invest and keep invested, in good paying securities—changing the same whenever occasion or necessity may require. He is to carry on the coal business at the place where my business is now located for the benefit of my estate.

"In case said business shall become unprofitable, he is hereby authorized to sell said business and real estate connected therewith, on such terms as he may deem best, and convey the same by good and sufficient deed or deeds and take such security for the payment thereof as he considers safe and legal, and the said fund received for the payment of the same, or from securities taken for the same, I direct shall be invested in other real estate or securities, as he thinks best for the benefit of my estate. All titles shall be taken in trust for my son A. R. Tozer. Said Ralph Tozer is in no way to charge or encumber my said estate or any part thereof, with any debts of his own, now existing or that he may hereafter make.

" He shall act as said trustee, for and during the term of his natural life. He shall receive a salary of fifteen hundred dollars per year, for the care and management of my estate. And he shall have the right to retain the same out of the income of my estate, and to retain one fourth of said salary quarterly.

"The said salary nor any part thereof in no case to be liable to or for any of his debts, by attachment or otherwise."

After the death of Sarah Tozer, Ralph Tozer executed a judgment bond as trustee to secure J. H. Williams harmless from the payment of any debts of the firm of Tozer & Williams. It appeared that A. R. Tozer and J. H. Williams were members of the firm of Tozer & Williams, and that A. R. Tozer had purchased the share of Williams, and as principal had given the bond and confession of judgment which Ralph Tozer had signed as trustee and surety.

DUNHAM, P. J., made absolute a rule enjoining the sheriff from selling any property belonging to the estate of Sarah Tozer, deceased.

*Error assigned* was above order.

*Rodney A. Mercur*, for appellant.—A. R. Tozer is practically the sole cestui que trust, as he is in fact the principal one, and he is one of the parties to the confession of judgment given for his express benefit. A. R. Tozer received full consideration, therefor; he was individually liable for all the indebtedness of their late firm, and his liability was not increased so far as the creditors themselves were concerned, and at the same time he had acquired all the assets for the express purpose of paying the debts. Ralph Tozer himself testifies that he signed the bond as trustee of the estate of Sarah Tozer, at his son's request. A. R. Tozer therefore consents that so much of his beneficial estate may be used for the purpose of paying this indebtedness, and expressly ratifies this act of his trustee, which he has the legal right to do. The authorities on this point are clear: Pratt. v. Lewis, 4 Wharton, 22; Hatz's App., 40 Pa. 209; Dodson v. Ball, 60 Pa. 492; Tift v. Mayo, 61 Ga. 246; Perrine v. Newell, 49 N. J. Eq. 57; Dibrell v. Carlisle, 51 Miss. 785; Wilson v. Russ, 17 Florida, 691; Campbell v. Low, 9 Barb. 585; Girard Life Ins. & Trust Co. v. Chambers, 46 Pa. 485; Solliday v. Bissey, 12 Pa. 347; Hollenback v. Clapp, 103 Pa. 60; Wilhelm v. Folmer, 6 Pa. 296; Miller v. Ege, 8 Pa. 352; Dickerson & Haven's App., 7 Pa. 255; Roberts v. Austin, 5 Wharton, 313; Sharpe v. Bellis, 61 Pa. 69; Heidelberg School Dist. v. Horst,. 62 Pa. 301; Seyfert v. Lowe, 7 Weekly Notes, 39; Markley v. Quay, 8 W. N. C. 145; Bank v. Bachman, 10 Lancaster Law Rev. 413.

*E. Overton*, with him *H. F. Maynard*, for appellees.—It seems hardly necessary to cite authorities to show that this was a personal obligation of Ralph Tozer, and that the official name, "trustee," is regarded only as describing and designating him: 1 Parsons on Contracts, *121; Randolph on Commercial Paper, sec. 129; Tassey v. Church, 4 W. & S. 346; Geyer v. Smith, 1 Dall. 347.

The name of Sarah Tozer nowhere appears on the record. The addition of the word "trustee" to the name of a defendant in a judgment does not make the judgment run against the estate of Sarah Tozer, although at the time he was the testamentary trustee of that estate: Rich v. Sowles, 64 Vt. 408; Hardy v. Call, 16 Mass. 530; Seip v. Drach, 14 Pa. 352; Mas-

terson v. Masterson, 5 Rawle, 137; Claghorn's Est., 181 Pa. 600.

Had the judgment been entered against Ralph Tozer, trustee of the estate of Sarah Tozer, deceased, it would under the authority of Claghorn's Est., 181 Pa. 600, have been a judgment against him personally and not against the estate of the testatrix: Kneib v. Graves, 72 Pa. 104; Willing v. Peters, 7 Pa. 287.

A testamentary trustee can exercise only such powers as are given him by the will creating the trust: Woddrop v. Weed, 154 Pa. 307; Miller v. Ege, 8 Pa. 352.

PER CURIAM, April 4, 1898:

Notwithstanding the able and ingenious argument of appellant's counsel, we are not convinced that the learned court erred in making absolute the rule theretofore " granted so far as it enjoins the sheriff from selling any property of or belonging to the estate of Sarah Tozer, deceased." That estate,—represented by Ralph Tozer, trustee, one of the parties to the bond on which the judgment was entered by virtue of the warrant of attorney contained therein,—was neither interested in the transaction in which the judgment bond was given, nor received any benefit therefrom. As trustee or otherwise, Ralph Tozer had no authority, express or implied, to bind the estate or subject the property or assets thereof to execution in favor of the plaintiff. The authorities relied on by appellant are inapplicable to the facts of this case.

Decree affirmed and appeal dismissed at appellant's costs.